NOT DESIGNATED FOR PUBLICATION

No. 115,917

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HOWARD T. FISK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed March 3, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*: Howard T. Fisk appeals the district court's decision revoking his postimprisonment supervision and ordering him to serve a modified term of imprisonment. We granted Fisk's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requested that the district court's judgment be affirmed.

On July 10, 2014, Fisk pled guilty to one count of driving under the influence (DUI), fourth or subsequent conviction, and one count of driving while suspended. On August 14, 2014, the district court imposed a controlling sentence of 10 months' imprisonment in the county jail with a term of 12 months' postimprisonment supervision.

1

On July 21, 2015, the State filed a bench warrant to revoke Fisk's postimprisonment supervision alleging that he had violated the terms of his supervision by entering a liquor store and testing positive for alcohol. At a hearing on September 3, 2015, Fisk admitted his violations. The district court revoked Fisk's postimprisonment supervision and ordered him to serve the remainder of his supervision term less 60 days. Fisk timely appealed.

On appeal, Fisk claims the district court "abused its discretion by revoking probation and ordering execution of the underlying sentence." The State responds by noting that this court "may be without jurisdiction to consider [Fisk's] allegation of error on appeal." In the alternative, the State argues that the district court did not abuse its discretion in revoking Fisk's postimprisonment supervision.

The State cites *State v. Remy*, No. 114,732, 2016 WL 6822484 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* December 19, 2016, to support its claim that this court may be without jurisdiction to consider Fisk's allegation of error on appeal. In *Remy*, the defendant was convicted of DUI, and the district court revoked his postimprisonment supervision. For the first time on appeal, the defendant argued that the district court should have considered intermediate sanctions under K.S.A. 2015 Supp. 22-3716(b)(3)(B) before imposing the underlying 12-month jail sentence in the DUI case. Because the defendant failed to assert any exception to the general rule prohibiting new issues from being raised for the first time on appeal, the court in *Remy* questioned whether it had jurisdiction to consider the defendant's claim. 2016 WL 6822484, at *2. Regardless, this court addressed the merits of the claim and found that the district court did not abuse its discretion in revoking the defendant's postimprisonment supervision. 2016 WL 6822484, at *3.

Generally, issues not raised before the district court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Although there are exceptions to

2

this general rule against raising issues for the first time on appeal, Kansas Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) requires the appellant to invoke one of the exceptions and explain why an issue should be considered for the first time on appeal. The failure to brief an exception may result in a determination by the appellate court that the issue has been abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015).

However, these rules of appellate jurisprudence are not jurisdictional. Moreover, Fisk's case is distinguishable from *Remy* because in that case, the defendant was asserting for the first time on appeal that the district court failed to consider intermediate sanctions under K.S.A. 2015 Supp. 22-3716(b)(3)(B) before it revoked his postimprisonment supervision in a DUI case. Fisk is not making any claim that the district court should have considered intermediate sanctions; rather, Fisk only is asserting that the district court abused its discretion in revoking his postimprisonment supervision. This court has jurisdiction to consider Fisk's claim on appeal.

Fisk was charged, convicted, and sentenced under the self-contained DUI statute. See K.S.A. 2016 Supp. 8-1567(b)(1)(E). This statute provides for a mandatory 1-year period of postimprisonment supervision and provides that violations of the conditions of that supervision may subject a person to (1) revocation of supervision and imprisonment in jail for the remainder of the period of imprisonment, (2) revocation of supervision and imprisonment in jail for the remainder of the supervision period, or (3) any combination or portion thereof. K.S.A. 2016 Supp. 8-1567(b)(3). The district court is not required to consider intermediate sanctions under K.S.A. 2016 Supp. 22-3716 before revoking an offender's postimprisonment supervision in a DUI case. See *Remy*, 2016 WL 6822484, at *3.

In considering the merits of Fisk's claim, a district court's decision to revoke a defendant's period of supervision and impose the underlying jail term is discretionary

3

unless otherwise required by statute. See *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 253 (2014). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, Fisk was convicted of a fourth or subsequent DUI since July 1, 2001. In fact, the district court noted that this case was Fisk's seventh lifetime DUI conviction. Fisk admitted to violating the conditions of his postimprisonment supervision by entering a liquor store and testing positive for alcohol. The district court noted that on an earlier occasion, Fisk had tested positive for alcohol which required him to be removed from work release. The district court's decision to revoke Fisk's postimprisonment supervision was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of fact or law. Thus, we conclude the district court did not err in revoking Fisk's postimprisonment supervision and ordering him to serve a modified sentence.

Affirmed.